IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DENNY LEE CAIN, | § | |
| | § | |
| V. | § | A-07-CA-754-SS |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss (Document 25); and Petitioner's response thereto (Document 27).  Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number 0954450 styled <u>The State of Texas v. Denny Lee Cain</u>.  Pursuant to a plea agreement,

Petitioner pleaded guilty to theft over $20,000.00 but less than $100,000.00. On March 29, 1996, the trial court sentenced Petitioner to eight years imprisonment. Respondent further asserts the Director also has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 181st Judicial District Court of Potter County, Texas in cause number 23,877B styled <u>The State of Texas v. Denny Lee Cain</u>. In that case Petitioner pleaded guilty to aggravated sexual assault. On December 10, 1985, the trial court sentenced him to 15 years imprisonment.

Petitioner does not challenge either conviction. Rather he asserts he was released to mandatory supervision on November 1, 1999, and had his supervision revoked on December 13, 2004. Petitioner explains a mistake has been made with his time credits because he should have fully discharged his 8-year sentence while he was on mandatory supervision. He has tried to correct the problem by submitting a time credit dispute, which was denied. He also filed a state application for habeas corpus relief which was also denied. On state habeas review the state court noted:

> Even if the theft conviction should be taken off the Texas Department of Criminal Justice's records, Applicant shows no harm since he must remain incarcerated pursuant to his aggravated sexual assault conviction. Also, the applicant was released on 11/17/06 on mandatory supervision thus the theft conviction is not impeding his release.

<u>Ex parte Cain</u>, Appl. No. 65,422-02 at 95.

**B.      Petitioner's Grounds for Relief**

Petitioner argues the 2004 revocation of his mandatory supervision was illegal because he discharged his sentence while he was on mandatory supervision. He further argues he is being denied the right to discharge his sentence in violation of the Due Process Clause, the separation of powers doctrine, and the Double Jeopardy Clause. He contends this violation constitutes cruel and unusual punishment and is a breach of contract.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application as they relate to Petitioner's 2004 revocation with the exception of his separation of powers claim and cruel and unusual punishment claim. Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application as they relate to Petitioner's 2007 revocation. However, Petitioner makes clear in his response his challenge does not relate to his 2007 revocation.

## II.   DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner admits the date on which the factual predicate of his claim could have been discovered was on December 13, 2004, when his mandatory supervision was revoked on his 8-year sentence for theft. Petitioner asserts he submitted a time credit dispute on March 10, 2005, which was denied on September 26, 2005. A Texas prison inmate may not file an application for a writ of habeas corpus in state court in order to exhaust his state habeas corpus remedies regarding time credit disputes until he has complied with the requirements of Texas Government Code § 501.0081, requiring him to first file a time credit dispute resolution form with prison officials. The Texas Court of Criminal Appeals will dismiss any application for a writ of habeas corpus about time credit issues where an inmate failed to comply with the statute. Ex parte Shepherd, 65 S.W.2d 673, 674 (Tex. Crim. App. 2002); Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim. App. 2000). The provisions of 28 U.S.C. § 2244(d)(2) provide that the time a state post-conviction or other collateral review is pending shall toll the deadline. Judges in both the Northern District of Texas and the Eastern District of Texas have concluded that the limitations period is tolled during the pendency of the time credit dispute. Hunter v. Quarterman, No. 4:06-CV-342-A, 2006 WL 2914162 at *2, 5 (N.D. Tex. Oct. 11, 2006); Hood v. Director, TDCJ-CID, No. 9:06-CV-165, 2006 WL 3246355 at *3 (E.D. Tex. Nov. 6, 2006). In light of the mandatory exhaustion requirements of 28 U.S.C. § 2254(b)(1), this Court is of the opinion the limitations period is tolled during the pendency of the time credit dispute. At the time Petitioner filed his time credit dispute, 87 days had run on the one-year limitations period.

Petitioner then filed his state application for habeas corpus relief 205 days later on April 19, 2006, which was denied by the Texas Court of Criminal Appeals on March 14, 2007. The limitations period was further tolled during the pendency of Petitioner's state application. Therefore, Petitioner had 73 days remaining on the one-year limitations period at the time the Texas Court of Criminal Appeals denied his state application. To be timely, Petitioner had to file his federal application on or before May 26, 2007. Petitioner did not execute his federal application until September 4, 2007, approximately three months after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**C.    2007 Revocation**

Petitioner makes clear he is not challenging his 2007 revocation and admits he has not challenged his 2007 revocation in a time credit dispute or state application for habeas corpus relief. Petitioner can make the same claims with regard to his 2007 revocation as he is making with regard to his 2004 revocation. At this time, his challenge to his 2007 revocation is not time-barred. If Petitioner wishes to challenge his 2007 revocation he should act without delay to exhaust his administrative and state court remedies with regard to that revocation before returning to this Court.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed as time-barred.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of January, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE